**LIN ZHAO, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney**

General,[1] Respondent.

No. 06–4744–ag.

United States Court of Appeals,
Second Circuit.

Nov. 27, 2007.

_____

David A. Bredin, New York, NY, for Petitioner.

Christopher J. Christie, United States Attorney, John G. Silbermann, Assistant United States Attorney, Newark, NJ, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. GUIDO CALABRESI and Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Lin Zhao, a native and citizen of the People's Republic of China, seeks review of a September 18, 2006, order of the BIA affirming the April 14, 2005, decision of Immigration Judge ("IJ") Barbara A. Nelson denying Zhao's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin Zhao*, No. A97 949 261 (B.I.A. Sept. 18, 2006), *aff'g* No. A97 949 261 (Immig. Ct. N.Y. City Apr. 14, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. I.N.S.,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't. of Justice,* 362 F.3d 155, 159 (2d Cir.2004). We review the agency's factual findings under the

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 304 (2d Cir.2007). We review *de novo* questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. I.N.S.,* 331 F.3d 297, 307 (2d Cir.2003).

As a preliminary matter, we note that while the IJ expressed concerns regarding Zhao's credibility, she did not make an adverse credibility determination as to the entirety of Zhao's claim. Rather, she limited her credibility findings only to portions of his testimony. *See Paul v. Gonzales,* 444 F.3d 148, 153–54 (2d Cir.2006) (indicating that an IJ's decision could be properly construed to have made a mixed credibility finding regarding an applicant's claims for relief). The IJ found that although Zhao asserted that he was beaten while he was detained, "[it is] clear ... that [it] was not a very severe beating" and "likely was just a slap." The IJ also found that Zhao's account of his escape from detention was implausible, positing, "There was apparently no one to guard him which negates the respondent's claim that he was in fact detained at the time." However, the IJ's denial of relief was also based on the assumption that other portions of Zhao's testimony were credible, as she found that the forced abortion of Zhao's girlfriend did not make him eligible for asylum. Taken as a whole, we do not read the IJ's decision to have found Zhao's account of past events incredible. Rather, she appears to have found that he exaggerated the severity of those events. Regardless, we find that remand is still required.

■ As the IJ found, Zhao has not demonstrated *per se* eligibility for asylum based on the forcible abortion of his girlfriend. *See Shi Liang Lin,* 494 F.3d at 299. However, he may nevertheless be eligible for asylum if he can demonstrate persecution on account of his own resistance or on account of his girlfriend's resistance, if that resistance was or will be imputed to him. *See Shi Liang Lin,* 494 F.3d at 313. Here, Zhao testified that the Chinese government arrested, detained, and "slapped" or "beat" him because of his and his girlfriend's resistance to the family planning policy. *See Manzur v. U.S. Dep't. of Homeland Security,* 494 F.3d 281, 295 (2d Cir.2007); *In re S–P–,* 21 I. & N. Dec. 486, 494–95 (BIA 1996).

While the IJ found that Zhao was likely only "slapped" and not "beaten," this Court has found that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales,* 467 F.3d 223, 226 (2d Cir.2006). Here, whether Zhao was "beaten" or merely "slapped," the mistreatment that Zhao alleged was a "physical degradation" that occurred in the context of a detention on the basis of a protected ground. Furthermore, the IJ conducted an incomplete evaluation of his injuries, as his girlfriend's forced abortion should also have been considered as part of that analysis. *See Shi Liang Lin,* 494 F.3d at 313 (stating that "the fact that someone's spouse has been subjected to a forced abortion or sterilization would not be irrelevant to such an analysis, it simply could not provide for asylum status *per se* "). Accordingly, remand is required.

On remand, the agency may wish to make an explicit determination as to Zhao's credibility. *See Diallo,* 232 F.3d at 290. If he is deemed credible, the agency should determine whether the events he described, in the aggregate, rise to the level of persecution. *See Poradisova v. Gonzales,* 420 F.3d 70, 79–80 (2d Cir.2005); *Beskovic,* 467 F.3d at 226. The agency should also determine whether, with or without any presumption regarding future persecution, Zhao demonstrated a well-founded fear or a likelihood of persecution or torture.[2]

For the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED, and the case is remanded for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

---

**2.** We deem Zhao's illegal departure claim abandoned, as he has failed to argue that claim before this Court. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).